| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | | |
|---|---|---|
| 3 | Veronica Martinez, | Case No.: 2:17-cv-00789-JAD-GWF |
| 4 | Plaintiff | **Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment** |
| 5 | v. | |
| 6 | Aargon Agency, Inc., d/b/a Aargon Collection Agency, | [ECF Nos. 18, 21] |
| 7 | | |
| 8 | Defendant | |

Defendant Aargon Agency, Inc. sent plaintiff Veronica Martinez a collection letter, attempting to collect on a debt for its client, University Medical Center of Southern Nevada (UMC).[1] Martinez then sued Aargon, alleging that the letter was patently false and misleading in violation of the Fair Debt Collections Practices Act (FDCPA).[2] Both parties now move for summary judgment. Because I find that Martinez did not suffer a cognizable injury-in-fact and and thus lacks standing maintain her FDCPA claims, I enter summary judgment in favor of Aargon and close this case.

## BACKGROUND

The heart of this lawsuit is a letter that Aargon sent Martinez attempting to collect a debt on behalf of UMC. The letter states the balance due as of the date of the letter, September 1, 2016, and contains reminders and disclosures about Martinez's rights to dispute or validate the alleged debt. The top portion of the letter contains a box that reads:

> DELINQUENT ACCOUNT
> Amount owed: $111.56
> Interest Accrued: $0.00

---

[1] ECF No. 18-4.
[2] ECF No. 1.

        Charges/Fees: $0.00
        Your Payments: $0.00
        Total Balance Due: $111.56[3]

The final paragraph of the letter states:

> As of the date of this letter, you owe the Total Balance Due listed above. This amount may vary due to payments and/or accrual of interest. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing your payment for collection.[4]

Martinez alleges that Aargon violated §§ 1692e, 1692e(10), 1692f, and 1692g of the FDCPA with this letter. Martinez's primary theory is that Aargon intentionally includes conditional language about accrual of interest—despite knowing that debt's balance will not vary at all during its collection—to deceive and confuse debtors and trick them into paying rather than exercising their rights to challenge the debt under the FDCPA. She also asserts that the letter is patently false because the debt was not accruing interest or fees, as indicated by the $0.00 in the "Interest Accrued" line. Martinez claims that she could not ascertain the amount of the debt due on the date that she received the notice, and that the threat of additional costs and interest led her to believe that she must pay the balance immediately to avoid an increase, and thus forego her right to dispute the debt.

Martinez argues that she is entitled to summary judgment because (1) under the FDCPA's least-sophisticated-debtor standard, Aargon's letter was deceptive and misleading and designed to coerce payment in violation of § 1692e, and (2) the conditional language in Aargon's letter overshadowed the notice of her 30-day right to dispute or validate the debt in violation of §

---

[3] ECF No. 18-4.
[4] *Id.*

2

1692g.  Aargon counters that it is entitled to summary judgment because (1) the letter accurately stated the amount Martinez owed as of the date it was sent and included conditional language about interest because Aargon intended to charge interest on her account in the future, (2) the letter was not unfair or unconscionable, (3) the conditional language does not overshadow the required disclosures in the letter, and (4) Martinez's entire claim fails because she has not suffered an injury-in-fact sufficient to confer standing.  My analysis begins and largely ends with whether Martinez has standing to sue for the alleged § 1692e violations.

## DISCUSSION

**A.     Martinez lacks standing to sue Aargon under § 1692e.**

Standing is a threshold jurisdictional issue that is distinct from the merits of a litigant's claim.[5]  "The [standing] doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."[6]  To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that fact is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[7]  "The party invoking federal jurisdiction bears the burden of establishing" the standing elements "with the manner and degree of evidence required at the successive stages of the litigation."[8]  Therefore, at the summary judgment stage, "a plaintiff must offer evidence and specific facts demonstrating each element."[9]

---

[5] *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).
[6] *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 1547 (2016) (citations omitted).
[7] *Id.*
[8] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).
[9] *Center for Biological Diversity v. Export-Import Bank of the U.S.*, 894 F.3d 1005 (9th Cir. 2018).

"[T]he injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete and particularized.'"[10] "Concrete" conveys "the usual meaning of the term—'real' and not 'abstract.'"[11] But "concrete" does not necessarily mean "tangible."[12] Even though tangible injuries are "perhaps easier to recognize," "intangible injuries can nevertheless be concrete."[13] Therefore, "Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."[14]

"Congress'[s] role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize a person to sue to vindicate that right."[15] Even where Congress has codified a statutory right, a plaintiff must still allege that she has suffered a concrete and particularized injury connected to that interest.[16] "For that reason [a plaintiff may] not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."[17] Nevertheless, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in

---

[10] *Spokeo*, 136 S. Ct. at 1545 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–181 (2000)).

[11] *Id.* at 1548.

[12] *Id.* at 1549.

[13] *Id.*

[14] *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992)) (internal quotation marks and brackets omitted).

[15] *Id.*

[16] *Id.* at 1547–48.

[17] *Id.* at 1549 (holding that a violation of the Fair Credit Reporting Act's requirements does not necessarily result in harm, like, for example, when a consumer reporting agency disseminates a false zip code about a consumer).

4

fact," in which cases "a plaintiff . . . need not allege any additional harm beyond the one Congress has identified."[18]

Aargon contends that Martinez is suing for purely procedural violations without having suffered any actual harm. Martinez responds that, with the FDCPA, Congress created a substantive right for debtors to receive accurate or truthful information about their debts, so an individual who receives misleading or false information about their debts has suffered a concrete injury for standing purposes. Matrinez claims that her injury is an informational one suffered when she received "a letter that contains false or misleading statements," which she argues "clearly implied" that Aargon "was not charging interest and/or fees" on her account.[19] Aargon replies that an informational injury cannot be the basis for standing when it "is based on an accurately stated letter,"[20] and that Martinez was not injured because her letter "does not state nor imply that Aargon was not charging interest, it simply stated that the interest as of the date of the Letter was $0.00."[21]

While Martinez has shown that she was confused by the letter, her subjective confusion does not create an FDCPA violation. Alleged violations of the FDCPA are considered under the "least sophisticated debtor" standard, which is designed to protect less savvy consumers from targeting by debt collectors.[22] This standard is lower than mere reasonableness but still

---

[18] *Id.* at 1449–50 (citing *Federal Election Comm'n v. Akins*, 524 U.S. 11, 20–25 (1998); *Public Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989)).

[19] ECF No. 23 at 12–13.

[20] ECF No. 24 at 10.

[21] ECF. No 24 at 11.

[22] *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).

5

preserves a "quotient of reasonableness" and presumes "a basic level of understanding and willingness to read with care."[23]

The letter that Martinez received is not deceptive or misleading under this standard. The top of the letter states the amount of interest that had "accrued" as of the date of the letter: none had "accrued" yet, so the amount listed was "$0.00." But there is no statement indicating that the amount of interest is static (i.e., will not accrue or is not accruing). Rather, the letter states the amount that Martinez owed "as of the date of [the] letter" and cautioned that the amount owed "may vary due to payments and/or accrual of interest."[24] Even the least sophisticated debtor could not infer from this letter that no interest would ever accrue on Martinez's account. Nor is the letter false. Martinez does not dispute that Aargon intended to charge interest and admits in her reply to Aargon's motion that she understood that the debt would, in fact, accrue interest;[25] and Aargon has produced admissible evidence to show that it intended to charge interest on Martinez's account but simply had not yet done so.[26]

Martinez has not shown sufficient evidence to support her allegation that the letter was, in fact, false or misleading. Without doing so, she has not carried her burden to show that she suffered an injury-in-fact sufficient to confer standing. I therefore grant summary judgment in favor of Aargon and against Martinez on her claim under § 1692e.

**B.      Martinez's remaining claims fail.**

Martinez also lacks standing to challenge Aargon's letter under § 1692g(b). Section 1692g(a) requires that debt collectors send consumers a written notice containing the amount of

---

[23] *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).
[24] ECF No. 21-2.
[25] ECF No. 23 at 3 ¶ 5.
[26] ECF No. 21-1 at ¶ 3.

6

the debt, the name of the creditor to whom the debt is owed, and several other notices of the consumer's rights to dispute the debt in whole or in part within 30 days of receiving the notice. Section 1692g(b) notes that any "collection activities and communications" during the 30-day period "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."[27] "[T]he impact of language alleged to violate section 1692g is judged under" the same least-sophisticated-debtor standard as a §1692e claim.[28] And she must show that she suffered an injury-in-fact to have standing to bring her claim under § 1692g(b), too.

Martinez asserts that Aargon's letter violates § 1692g because it contains conditional language that fees and interest might be charged and thus "threatens the imposition of interest and fees which led Ms. Martinez to believe she must immediately pay the debt to avoid further charges to the debt balance."[29] She states that the "threat" overshadowed her right to dispute or violate the debt. But this conditional language is not deceptive or misleading even to the least sophisticated debtor. The letter accurately states the balance owed as of the date of the letter and rightly cautions that interest may accrue and affect the balance. None of that information is false, misleading, or deceptive, so it does not impose the threat that Martinez claims it does. Therefore, Martinez has failed to show that she suffered an injury-in-fact and lacks standing to bring a claim under § 1692g(b).

---

[27] 15 U.S.C. 1692g(b).

[28] *Swanson v. Southern Or. Credit Serv., Inc..* 869 F.2d 1222, 1225 (9th Cir. 1989) ("[I]f we find that the least sophisticated debtor would likely be misled by the notice . . . , we must hold that the [debt collector] violated the act.").

[29] ECF No. 18 at 11.

Martinez argues that Aargon also violated § 1692g(a)(1) because the "discrepancy" between listing $0.00 of "accrued" interest at the top of the letter and including the "may accrue interest" language later in the same letter prevented her from calculating the amount due as of the date of the letter. But these statements aren't inconsistent with each other, and the letter clearly states the amount that Martinez owed on the date of the letter. Therefore, I grant summary judgment in Aargon's favor and against Martinez for her § 1692g claim.

This leaves Martinez's claim that Aargon violated § 1692f, which prohibits "unfair or unconscionable means to collect or attempt to collect any debt."[30] Aargon argues that Martinez fails to identify how its letter was unfair or unconscionable, and Martinez does not address this argument in her response. Because Martinez has offered no evidence to show that Aargon used unfair or unconscionable means in collective this debt, she has failed to show a genuine issue of fact, and Aargon is entitled to summary judgment on the § 1692f claim. Therefore, I grant summary judgment in favor of Aargon and against Martinez on her § 1692f claim.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Aargon's motion for summary judgment **[ECF No. 21] is GRANTED** and Martinez's motion for summary judgment **[ECF No. 18] is DENIED.**

And with good cause appearing and no reason to delay, IT IS FURTHER ORDERED that the **Clerk of Court** is directed to **ENTER FINAL JUDGMENT** in favor of Aargon and against Martinez and **CLOSE THIS CASE**.

Dated: September 12, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[30] 15 U.S.C. § 1692f.